Mason, J.
This is an action of contract on a trade acceptance executed by Fotolabs, Inc., and purporting to be *175 drawn on, and purporting to be accepted by the defendant in the amount of one hundred ninety-eight dollars and seventy-two cents ($198.72), dated April 19, 1938, and made payable July 25, 1938 and endorsed by said Fotolabs, Inc. to the plaintiff corporation. The answer sets up a general denial, payment, denial of signature, fraud, and that the plaintiff was not a bona fide purchaser for value.
At the trial there was evidence tending to show:
The plaintiff is a New York corporation duly organized under the laws of the State of New York with a principal place of business in New York City; that it is and was engaged in the business of buying commercial paper, accounts receivable and other personal property, that on May 7, 1938, the plaintiff purchased the trade acceptance here involved, without knowledge of the financial condition of the defendant, for the sum of one hundred and forty-nine dollars and four cents ($149.04); that the purchase was made in New York; that the trade acceptance was not delivered as collateral security but was purchased by the plaintiff from Fotolabs, Inc.
No officer or director of the plaintiff is related to any officer or director of the Fotolabs, Inc. Neither the State Trading Corporation nor its officers had any actual knowledge as to whether the trade acceptance was annexed to any contract or was part of any contract simultaneously made between the Fotolabs, Inc. and the defendant; and at the time of purchase of same the instrument was complete on its face. The State Trading Corporation is not an agent for the purpose of collecting the trade acceptance, nor is it an agent of any kind of the Fotolabs, Inc.
At the close of the trial and before final argument the defendant made the following request for rulings:
*176 1. Upon all the evidence a finding for the plaintiff is not warranted. 2. The plaintiff is not a bona fide holder in due course for value without notice. 3. The acquisition of the trade acceptance at a substantial discount, under the circumstances, prevents the plaintiff from being a bona fide purchaser in due course. 4. The instrument in question was obtained by the fraud of the Fotolabs, Inc. or its agents. 5. Under the laws of New York, where a vendor of an instrument becomes liable contingently to pay to the purchaser at a future day a sum greater than that received with legal interest the transaction is considered usurious and the usurious endorsee takes no rights against any of the parties to the instrument. See: Anderson v. Rapelye, 9 Page 483. Churchill v. Sutter, 4 Mass. 156. Sabine v. Paine, 166 App. Div. 9. 39 Cyc. 934, note 16 and 17. 6. The burden of proving that the plaintiff obtained the instrument sued on in good faith is on the plaintiff. 7. The plaintiff has failed to sustain the burden that it acquired the trade acceptance in good faith.
The Court found for the plaintiff.
The Court granted requests #4 and #6; denied requests #1, #2, #3, #7; and denied .#5 “as immaterial on the evidence. ’ ’
There was evidence which it is not necessary to recite in detail to justify the finding of the Trial Court that the instrument was obtained by the fraud of the Fotolabs, Inc., or its agents. There was also evidence of facts which would have constituted a defense to this action unless' it appeared that the plaintiff was a holder in due course, of the instrument in question.
Under G. L. (Ter. Ed.) chapter 107 section 82 the finding of fraud in the inception of the instrument imposed upon the plaintiff the burden of proving that it took the instrument in good faith and without notice of any defect. The Trial Court upon the request of the defendant made this ruling as to the burden of proof, but found in favor of *177 the plaintiff. This is, of course, a finding that the burden was sustained.
The defendant’s principal objection before us was that this finding of fact was error. Specifically the contention is that the plaintiff did not prove, in the language of the statute G. L. (Ter. Ed.) chapter 107 section 75, “That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.”
Upon the evidence hereinbefore récited the Trial Court could find that the plaintiff was engaged in the business of buying commercial paper and accounts; that it bought this trade acceptance for value; that no officer or director of the plaintiff is related to any officer or director of the Fotolabs, Inc.; that the plaintiff is not an agent of the Fotolabs, Inc.; that the plaintiff had no actual knowledge as to whether the trade acceptance was annexed to any instrument or part of any contract simultaneously made between the Fotolabs, Inc. and the defendant. We think that this evidence is sufficient to warrant the finding of the Trial Court that the plaintiff had sustained the burden of proof, even though there was evidence which would have warranted a different finding.
The defendant’s fifth request was as to the effect of the law of the State of New York as to usurious contracts. This was denied as “immaterial on the evidence.” The instrument in question was dated Springfield, Mass. It was accepted at Springfield, Mass., and was payable at Springfield National Bank, City of Springfield, State of Mass. Clearly the contract was made in Massachusetts, and its obligations were to be performed in Massachusetts. This case is therefore governed by the law of Massachusetts, and not by the law of New York. This request of the defendant was rightly denied.